FILED BY _____ D.C.

05 OCT 19 PM 2:58

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

LINDA MURRAY and
ARTHUR MURRAY,

    Plaintiffs,

v.                                                           NO. 2:05-CV-2526-SHM-tmp

TRI-STATE BANK OF MEMPHIS and
CIGNA HEALTHCARE OF TENNESSEE, INC.,

    Defendants.

## (PROPOSED) SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was set for Thursday, October 20, 2005. Prior to such conference, this proposed scheduling order was submitted by Cynthia Pensoneau, counsel for plaintiffs, David A. Thornton, counsel for defendant CIGNA Healthcare of Tennessee, Inc., and Elijah Noel, Jr., counsel for defendant Tri-State Bank of Memphis.

### Nature of the Case

The Parties agree that this action involves a claim for benefits under a plan of insurance (the "Plan") that is governed by the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and a determination of whether Plaintiff Linda Murray is entitled to benefits under the Plan. The Parties further agree that any state law claims preempted by ERISA shall be dismissed.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 10-24-05

## Jurisdiction

In this action, the subject matter jurisdiction of this Court has been invoked pursuant to 29 U.S.C. § 1001, et seq. and is not in dispute.

## Dates and Other Relevant Matters

At the conference, the following dates were established as the final dates for:

1. <u>Initial Disclosures</u>    November 14, 2005.

2. <u>Joining Parties and Amended Pleadings</u>:    December 20, 2005.

3. <u>Initial Motions to Dismiss</u>:    January 20, 2006.

4. <u>Completion of all Discovery</u>: May 20, 2006

    (a)    Document Production:    May 20, 2006

    (b)    Depositions, Interrogatories and Requests for Admission: May 20, 2006.

All parties reserve the right to object to any fact discovery based on the nature of this case as an ERISA governed action wherein discovery would be inappropriate.

5. <u>Expert Witness Disclosure</u>:

    (a)    Plaintiffs' Rule 26 expert information is to be provided on or before March 20, 2006.

    (b)    Defendants' Rule 26 expert information is to be provided on or before April 20, 2006.

    (c)    Expert witness depositions are to be completed by the discovery deadline.

2

6. <u>Filing Dispositive Motions</u>:   All dispositive motions shall be filed on or before June 20, 2006.

7. <u>Trial</u>: All parties expect that this case shall be decided on the parties respective dispositive motions and need not be set for trial unless the court determines otherwise. Any party may file a motion asking that the case be set for trial. If the Court determines a trial setting appropriate, the pretrial order date, pretrial conference date and trial date will be set by the presiding judge. If a trial is required, such trial will be a non-jury trial. It is anticipated the trial will last approximately one day.

8. <u>Other Relevant Matters</u>:

No depositions may be scheduled to occur after discovery cutoff date. All motions, requests for admission or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable the opposing counsel to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within thirty days of default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within the thirty days of the discovery deadline, unless the time for filing such motion is extended for good cause shown, or the objection to the default, response, answer or objection shall be waived.

This case may be appropriate for ADR.  The Parties shall move forward with determining whether a court-annexed or private mediation may be appropriate and the date for any such mediation.

3

The parties are reminded that pursuant to Local Rule 11(a)(1)(A), all motions, except motions pursuant to Federal Rules of Civil Procedure Rules 12, 56, 59 or 60 shall be accompanied by a proposed order.

The opposing party may file a response to any motion filed in this matter. Neither party may file an additional reply, however, without leave of the Court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth reasons for which a reply is required.

The parties have not consented to a trial before the Magistrate Judge.

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

IT IS SO ORDERED.

_____
MAGISTRATE JUDGE TU M. PHAM

DATE: October 19, 2005

APPROVED:

_____
Cynthia A. Pensoneau (BPR # 22230)
Attorney for Plaintiffs

_____
David A. Thornton (BPR # 11158)
Attorney for Defendant CIGNA
    CIGNA Healthcare of Tennessee, Inc.

_____
Elijah Noel, Jr.   (BPR # 8655)
Attorney for Defendant
    Tri-State Bank of Memphis

4

2613776v.1

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:05-CV-02526 was distributed by fax, mail, or direct printing on October 24, 2005 to the parties listed.

---

Elijah Noel
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

David A. Thornton
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Cynthia A. Pensoneau
SHEA MOSKOVITZ, PLC
530 Oak Court Dr.
Ste. 350
Memphis, TN 38117

Honorable Samuel Mays
US DISTRICT COURT