```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

LINDA MURRAY and ARTHUR MURRAY,      )
                                     )
     Plaintiffs,                     )
                                     )
v.                                   )
                                     )          No. 05-2526 Ma/P
TRI-STATE BANK OF MEMPHIS and CIGNA  )
HEALTHCARE OF TENNESSEE, INC.,       )
                                     )
     Defendants.                     )
                                     )
_____

   ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS STATE LAW CLAIMS
_____
```

Plaintiffs Linda and Arthur Murray bring this action against Defendants Tri-State Bank of Memphis ("Tri-State") and CIGNA Healthcare of Tennessee, Inc. ("CIGNA") under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), and the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 et seq. ("COBRA"). Plaintiffs also seek damages under state law.

On January 20, 2006, CIGNA filed a motion to dismiss all state law claims asserted by Plaintiffs. Tri-State filed a motion to dismiss all state law claims on February 8, 2006. Defendants both asserted that Plaintiffs' state law claims should be dismissed because they are preempted by ERISA. Generally, ERISA "supersede[s] any and all State laws insofar as they may now or

hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). "[V]irtually all state law claims relating to an employee benefit plan are preempted by ERISA." <u>Cromwell v. Equicor-Equitable HCA Corp.</u>, 944 F.2d 1272, 1276 (6th Cir. 1991).

On March 20, 2006, Plaintiffs responded to Defendants' motions. Plaintiffs agreed that state law claims preempted by ERISA should be dismissed but asserted that state law claims not preempted by ERISA should not be dismissed. Plaintiffs did not specify which of their state law claims were not preempted by ERISA.

It is not clear to the court from reading the complaint what Plaintiffs' state law claims are. Plaintiffs appear to seek damages for promissory estoppel, detrimental reliance, breach of implied contract, pain and suffering, and loss of consortium. All of these claims arise from Defendants' alleged failure to notify Linda Murray that she could elect to extend her insurance coverage and are, therefore, related to an employee benefit plan. The court finds that Plaintiffs have not stated any claims under state law that are not preempted by ERISA.

Defendants' motions to dismiss all state law claims alleged by Plaintiffs are GRANTED.

So ordered this 30th day of June 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE